706 A.2d 1193

WILLIAM CAMP AND LISA CAMP, HIS WIFE, PLAINTIFFS–APPELLANTS, v. JIFFY LUBE # 114, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 18, 1998—Decided April 2, 1998.

306

Before Judges KING, MUIR, Jr., and KESTIN.

*Douglas M. Joyce,* argued the cause for appellants (*Cahill, Wilinski & Rhodes,* attorneys; *John R. Mininno,* on the brief).

*Bernard J. Tkaczynski,* argued the cause for respondent (*Edward H. Keiper,* attorney; *Mr. Tkaczynski,* on the brief).

The opinion of the Court was delivered by

MUIR, Jr., J.A.D.

The principal issue on this appeal is whether the trial court properly charged the jury on proximate cause. We conclude the charge was improper. Accordingly, we reverse and remand for a new trial.

The essential facts giving rise to the appeal began on July 13, 1993, when William Camp (plaintiff [1]) left his 1989 Chevrolet at defendant's facility for a routine oil change. After servicing the car, defendant's employees had trouble closing the hood. After

---

[1] Throughout the opinion, plaintiff refers to William Camp.

several attempts, the employees were able to close the hood. However, when plaintiff picked up the car, no one told him of the difficulty closing the hood. Plaintiff drove about five blocks when the hood suddenly flew open and broke the car's windshield. Plaintiff, contending he sustained bodily injuries as a result, filed a complaint seeking compensatory damages he alleged were proximately caused by defendant's employees' negligence. Plaintiff's wife also sought damages for loss of consortium.

In a liability-only trial, plaintiff contended defendant was negligent because its employees failed to properly shut the hood or because they should have notified or warned him about the problem experienced with shutting the hood but failed to do so. In light of plaintiff's contentions, the trial court instructed the jury on proximate cause.

The court stated:

The burden of proof is on the plaintiff to establish his claim by a preponderance of the evidence. . . . In this case, the plaintiff, Mr. Camp, has the burden of establishing by a preponderance of the evidence all the facts necessary to prove that the defendant either didn't properly close the hood, or failed to notify him of problems with the hood so he could have taken the proper steps to deal with it.

. . . .

I have indicated to you previously that the term accident in this case does not necessarily mean a multiple or even a one-car collision. The term accident, as used in these jury instructions, means incident. Thus, you are not required to find that an accident occurred, but that an incident occurred. The incident in question is the hood of the plaintiff's car striking the plaintiff's windshield. In this case, the plaintiff contends that the defendant was negligent in failing to properly shut or close the front hood of the car, and/or failing to advise the plaintiff of the problem in shutting or closing the hood of the vehicle so that he could take whatever actions . . . he would deem necessary.

. . . .

Ladies and gentlemen, you have heard me use the term proximate cause. . . . In order for the plaintiff whose claims you are considering to recover damages, such damages must be proximately caused by the actions or the inactions of the defendant.

By proximate cause is meant that the action or the inaction of the defendant was *the* efficient cause, *the* one that naturally set the other causes in motion, and without which the damages claimed or the injuries claimed would not have resulted. The law requires that the damages chargeable to the defendant must be shown to be the natural and probable effects of the actions or the inactions of the defendant.

[Emphasis added.]

The jury returned a verdict against plaintiff by answering "No" to the verdict sheet question, "Was the Defendant, Jiffy Lube, negligent, which negligence was a proximate cause of the incident?" After the trial court denied a motion for a new trial, plaintiff and his wife appealed the ensuing judgment.

They contend the trial court's proximate cause charge was not only inappropriate given the fact issues for jury resolution but also because the court, in explaining proximate cause, told the jury it meant they had to determine whether defendant's action or inaction "was *the* efficient cause, *the* one that naturally set the other causes in motion, and without which the damages claimed or the injuries claimed would not have resulted." [Emphasis added.] We agree the court failed to tailor the proximate cause definition to the facts of the case and compounded that failure by utilizing the definite article "the" in the definition.

Proximate cause is a limitation the common law has placed on an actor's responsibility for the consequences of the actor's conduct. It is "a complex term of highly uncertain meaning." William L. Prosser, *Proximate Cause in California*, 38 *Cal. L.Rev.* 369, 375 (1950), *quoted in Conklin v. Hannoch Weisman*, 145 *N.J.* 395, 416, 678 *A.*2d 1060 (1996). It requires careful definition in jury charges to avoid misleading the jury. *Conklin, supra*, 145 *N.J.* at 419, 678 *A.*2d 1060.

When instructing a jury on proximate cause, trial courts must distinguish between the routine tort cases and cases where concurrent causes of harm are present. In the former, " 'the law requires proof that the result complained of probably would not have occurred "but for" the negligent conduct of the defendant.' " *Id.* at 417, 678 *A.*2d 1060 (quoting *Vuocolo v. Diamond Shamrock Chems. Co.*, 240 *N.J.Super.* 289, 295, 573 *A.*2d 196 (App.Div.) (quoting *Evers v. Dollinger*, 95 *N.J.* 399, 415, 471 *A.*2d 405 (1984)), *certif. denied*, 122 *N.J.* 333, 585 *A.*2d 349 (1990)). In the latter, the law requires consideration of the "substantial factor" test. The "but for" standard concentrates on one cause that sets the

other causes in motion, while the "substantial factor" test recognizes that " 'a tortfeasor will be held answerable if its "negligent conduct was a substantial factor in bringing about the injuries," even where there are "other intervening causes which were foreseeable or were normal incidents of the risk created." ' " *See Conklin, supra,* 145 *N.J.* at 419, 678 *A.2d* 1060 (quoting *Brown v. United States Stove Co.,* 98 *N.J.* 155, 171, 484 *A.2d* 1234 (1984) (quoting *Rappaport v. Nichols,* 31 *N.J.* 188, 202, 156 *A.2d* 1 (1959))). In the latter circumstance, "[a]lthough the law of negligence recognizes that there may be any number of concurrent causes of an injury, '[n]evertheless, these acts need not, of themselves, be capable of producing the injury; it is enough if they are a "substantial factor" in bringing it about.' " *Conklin, supra,* 145 *N.J.* at 419–20, 678 *A.2d* 1060 (quoting *Scott v. Salem Cty. Mem'l Hosp.,* 116 *N.J.Super.* 29, 33–34, 280 *A.2d* 843 (App.Div.1971)).

■ The charge here included no instruction on the "substantial factor" test. Instead, it improvidently focused the jury on the "but for," or cause that set other causes in action, in an instance where there was evidence of concurrent causes for the harm: the defective hood, the improper shutting of the hood, and the failure to warn about the defective hood. The charge should have been tailored to deal with the concurrent causes projected by the facts in evidence. *Model Jury Charges (Civil)* § 7.10 accommodates both the "but for" and the "substantial factor" tests; but as *Conklin* notes, there is a need for the Committee on Model Jury Charges, Civil, to tailor a model charge specifically to "failure to act" cases. *Id.* at 420 n. 7, 678 *A.2d* 1060.

The charge compounded the improvident concentration on the need for the jury to concentrate on an exclusive cause that set other causes in motion when it instructed plaintiff was required to establish that defendant's negligence was *the* proximate cause of the harm that occurred. Emphasis on *the* rather than *a* cause unduly directed the jury's focus to a "but for" single cause. In *Ellis v. Caprice,* 96 *N.J.Super.* 539, 549, 233 *A.2d* 654 (App.Div.), *certif. denied,* 50 *N.J.* 409, 235 *A.2d* 901 (1967), we reversed a

judgment in favor of defendants when the trial court used the definite article "the" in defining proximate cause for the jury. We conclude the same charge mistake here requires reversal.

Nonetheless, defendant argues the charge read as a whole makes the trial court mistake harmless error. Our rationale for rejecting the same argument in *Ellis* is applicable here: "Regardless of how well intentioned the jury may have been, it had no way of knowing which of the two versions represented the correct rule." *Id.* at 549, 233 *A.*2d 654. Only an express statement by the trial court that its original proximate cause charge was incorrect would have salvaged the charge. *See Conklin, supra,* 145 *N.J.* at 409, 678 *A.*2d 1060. There was no such express statement.

In sum, the proximate cause charge misled the jury on the term's essential elements in the factual context of the case. Here, plaintiff was entitled to a charge that the jury should consider whether defendant's failure to give notice, or failure to properly close the hood, was negligence that was a substantial factor in causing the accident giving rise to the injuries. Instead, the jury received a charge that focused on *the* cause for the accident. By placing emphasis on *the* cause, the trial court misdirected the jury's focus to one that had the potential for placing too much emphasis on the defective latch as the cause and not enough on the failure to give notice or failure to properly close the hood, or both. Consequently, the jury was not sufficiently instructed on the applicable law so that it could perform its function. *See State v. Green,* 86 *N.J.* 281, 287, 430 *A.*2d 914 (1981).

Reversed and remanded for a new trial.