**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1659-18T2

CARLA ISRAEL and
HOWARD ISRAEL,

     Plaintiffs-Respondents,

v.

DAVID GROSS,

     Defendant-Appellant.

_____

Argued November 19, 2019 – Decided December 12, 2019

Before Judges Hoffman and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-5803-17.

George Keahey argued the cause for appellant (Venema Proko & Keahey, attorneys; George Keahey, of counsel and on the brief).

Lawrence B. Sachs argued the cause for respondents.

PER CURIAM

By leave granted, defendant David Gross appeals from the October 26, 2018 Law Division order denying his motion for summary judgment in this trip-and-fall matter. Plaintiff Carla Israel sustained injuries when she tripped and fell on a raised sidewalk slab abutting defendant's home. The motion judge concluded a material issue of fact existed warranting a trial as to whether defendant had an obligation to correct the defect in the sidewalk. For the reasons that follow, we reverse.

I.

The following facts are derived from the evidence presented in support of, in opposition to, and in reply to the motion for summary judgment, viewed in the light most favorable to plaintiffs. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

On October 7, 2015, Carla Israel was walking on the sidewalk on Dunhams Corner Road, which bordered the rear of the property at 18 Constitution Court, East Brunswick, defendant's home. Plaintiff fell as a result of an uneven slab of sidewalk. She claims the defective condition was located on a grass strip between the sidewalk and the fence located at the rear of defendant's property. Plaintiff fractured her jaw, and sustained shoulder, cervical, and thoracic injuries as a result of her fall.

A-1659-18T2

On June 12, 2018, defendant moved for summary judgment, contending that (1) he was not liable for plaintiff's injuries and damages because the area where plaintiff fell was not on his property or under his control and is owned by the municipality; and (2) because the defect in the sidewalk was not the result of any affirmative conduct on his part, such as negligent repairs or maintenance, he owed no duty to plaintiff. In opposition, plaintiffs argued that there was a genuine issue of material fact as to whether defendant owned the sidewalk in question. In support thereof, plaintiffs relied upon Township of East Brunswick's records and a tax map showing the boundary lines of defendant's property.

After hearing the motion argument on October 26, 2018, the judge denied defendant's motion for summary judgment. In his oral opinion, the motion judge concluded a material issue of fact existed for trial as to whether defendant had an obligation to correct the defect in the sidewalk. On appeal defendant reiterates the arguments made before the motion judge. He contends the motion judge erred in denying summary judgment because there are no facts of record creating a liability or duty owed to plaintiffs.

A-1659-18T2

II.

We review the trial court's granting of the motion de novo, applying the same legal standards that govern summary judgment motions. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016). We consider the factual record, and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill, 142 N.J. at 540; R. 4:46-2(c)).

The court accords no special deference to a trial judge's assessment of the documentary record, as the decision to grant or withhold summary judgment does not hinge upon a judge's determinations of the credibility of testimony rendered in court, but instead amounts to a ruling on a question of law. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (noting no "special deference" applies to a trial court's legal determinations).

In order to prove a claim of negligence, a plaintiff must demonstrate: (1) a duty of care, (2) that the duty has been breached, (3) proximate causation, and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015). A plaintiff bears the burden of proving negligence, see Reichert v. Vegholm, 366 N.J. Super. 209, 213 (App. Div. 2004), and must prove that unreasonable acts or omissions by

defendant proximately caused his or her injuries.  See Camp v. Jiffy Lube No. 114, 309 N.J. Super. 305, 309-11 (App. Div. 1998).

The presence or absence of an enforceable duty is generally a question of law for the court.  Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997); see also Doe v. XYC Corp., 382 N.J. Super. 122, 140 (App. Div. 2005).

Generally, a residential homeowner is not liable for a dangerous natural condition of a sidewalk that borders his or her property.  See Luchejko v. City of Hoboken, 207 N.J. 191, 201-07 (2011).  A residential property owner may, however, be liable where the owner's actions create an artificial, dangerous condition on the abutting sidewalk.  See Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 152 (1981).

Prior to 1981, both commercial and residential landowners in this State could not be held liable for injuries occurring on public sidewalks abutting their property, except "for the negligent construction or repair of the sidewalk . . . or for direct use or obstruction of the sidewalk by the owner in such a manner as to render it unsafe for passersby."  Yanhko v. Fane, 70 N.J. 528, 532 (1976).  Thereafter, in Stewart, the Supreme Court revised that principle and held that commercial landowners could be liable for injuries sustained on sidewalks adjacent to their properties.  87 N.J. at 157.  In rendering that decision, the Court

recognized the arbitrariness of holding commercial property owners responsible for injuries sustained within a commercial building but finding no liability when an injury was incurred a few feet from a business's door. Id. at 156-57.

The Court strictly limited its holding in Stewart to commercial owners, emphasizing that "[t]he duty to maintain abutting sidewalks that we impose today is confined to owners of commercial property[,]" despite the fact that "whether the ownership of the property abutting the sidewalk is commercial or residential matters little to the injured pedestrian . . . ." Id. at 159 (citations omitted). The Court also noted that "[a]s for the determination of which properties will be covered by the rule we adopt today, commonly accepted definitions of 'commercial' and 'residential' property should apply, with difficult cases to be decided as they arise." Id. at 160.

In Luchejko, the Court held that an "overwhelmingly owner-occupied 104-unit condominium complex" must be classified as a "residential," and not a "commercial" property, for purposes of sidewalk liability principles. 207 N.J. at 195. The plaintiff in Luchejko was walking on the sidewalk in front of the condominium building when he slipped and fell on a sheet of black ice, breaking his leg. Id. at 196. He brought a negligence action against the non-profit condominium association responsible for the building. Ibid.

6

In reviewing the history of sidewalk liability in our State, the Court in Luchejko notably observed that "[o]ur decisions consistently reflect that residential property owners stand on different footing than commercial owners who have the ability to spread the cost of the risk through the current activities of the owner." Id. at 206. The Court further underscored that "[t]he commercial/residential dichotomy represents a fundamental choice not to impose sidewalk liability on homeowners . . . ." Id. at 208.

The Restatement (Second) of Torts (Am. Law Inst. 1965) provides the basis for this State's governing legal principles in the area of sidewalk liability. See Deberjeois v. Schneider, 254 N.J. Super. 694, 698-702 (Law Div. 1991), aff'd o.b., 260 N.J. Super. 518 (App. Div. 1992).

In New Jersey, residential property owners, unlike commercial property owners, have no duty to maintain the sidewalks adjacent to their land so long as they do not affirmatively create a hazardous condition. See Deberjeois, 254 N.J. Super. at 699-701; see also Stewart, 87 N.J. at 159 (holding duty to maintain sidewalks confined to commercial property owners); Lodato v. Evesham Twp., 388 N.J. Super. 501, 507 (App. Div. 2006) (holding residential landowners remain protected by common-law public sidewalk immunity).

7

In Deberjeois, the court addressed a situation involving the affirmative act of homeowners, through the planting of a tree whose roots uplifted the sidewalk and caused it to become uneven. 254 N.J. Super at 696, 703. There, the court reasoned that the property owner's liability was founded on the "positive act -- the affirmative act -- of the property owner in the actual planting of the tree" that caused the issue with the sidewalk, rather than the "natural process of the growth of the tree roots." Id. at 703.

The Law Division in Deberjeois explained, "[t]he fact that the affirmative act is helped along by a natural process does not thereby make the condition a natural one within the meaning of the traditional rule." Id. at 703-04. The Deberjeois trial court cited a law review article, Dix W. Noel, Nuisances from Land in its Natural Condition, 56 Harv. L. Rev. 772 (1943), when explaining the difference between natural and artificial conditions. Id. at 704. The trial judge in Deberjeois stated:

> In the Restatement of Torts, land in its natural condition is used to mean land which has not been changed by any act of a human being. The expression includes not only the soil itself in its undisturbed state but also the natural growth of trees, weeds and other vegetation upon land not artificially made receptive thereto. It does not include conditions which have arisen as the result of some human activity, even though the harmful character of such conditions has been brought about by the subsequent operation of natural forces.

[Ibid. (internal citations committed) (citing Noel, 56 Harv. L. Rev. at 772)]

The Restatement (Second) of Torts defines a natural condition of the land "to indicate that the condition of land has not been changed by any act of a human being, whether the possessor or any of his predecessors in possession, or a third person dealing with the land either with or without the consent of the then possessor." Restatement (Second) of Torts § 363, cmt. b (Am. Law Inst. 1965). The phrase "is also used to include the natural growth of trees, weeds, and other vegetation upon land not artificially made receptive to them." Ibid.

Furthermore, the Restatement (Second) of Torts concludes that trees planted by property owner are artificial conditions for which the property owners are liable. Deberjeois, 254 N.J. Super. at 700. The Restatement (Second) of Torts § 363, cmt. b (Am. Law Inst. 1965) states that "a structure erected upon land is a non-natural or artificial condition, as are trees or plants planted or preserved . . . ." The Deberjeois court further explained, "[t]he rule of non-liability for natural conditions of land is premised on the fact that it is unfair to impose liability upon a property owner for hazardous conditions of his land which he did nothing to bring about just because he happens to live there." 254 N.J. Super at 702-03.

9

Here, defendant asserts he did not plant the tree in question or take any other affirmative action to cause plaintiff's injuries. Plaintiffs have not provided any evidence that establishes, or even suggests, anything contradictory. Therefore, had a tree been the cause of plaintiff's fall, it would constitute a "natural condition" under current New Jersey law, which adheres to the standards of the Restatement (Second) of Torts. Consequently, defendant owed no duty to plaintiffs. We continue to apply the Second Restatement standards.

Here, plaintiff claims she tripped and fell on a sidewalk within defendant's property lines. She further asserts any tree-related sidewalk damage where she fell must have come from a tree planted by the developer of the subdivision and not the Township's Shade Tree Commission because the trees were all located on a grass strip between the sidewalk and fence, not between the sidewalk and curb on Dunhams Corner Road.

Defendant argues, however, that the motion judge erred by denying summary judgment because the sidewalk where plaintiff fell is behind and beyond his property line and is not owned by him, as evidenced by a survey. He further argues that plaintiffs presented no evidence showing that he installed or maintained the defective sidewalk, thereby creating no duty. We agree.

The record fails to show the sidewalk is owned by defendant. Moreover, construing the facts in a light favorable to plaintiffs and assuming defendant owned the section of the sidewalk where plaintiff fell, defendant owed no duty to maintain the sidewalk for pedestrians.

Summary judgment was improperly denied to defendant. Therefore, we reverse the order of the motion judge denying summary judgment and remand for the entry of an order granting summary judgment to defendant and dismissing plaintiffs' complaint with prejudice.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1659-18T2