**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4761-18T2

NYDIA BONEFONT,

    Plaintiff-Appellant,

v.

LAM PROPERTIES, LLC,

    Defendant-Respondent,

and

CYDNEY SAVAGE and
JUDY BARNETT,

    Defendants.

_____

Argued telephonically August 10, 2020 –
Decided August 24, 2020

Before Judges Whipple and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Camden County, Docket No. L-4162-17.

Robert Alan Jones argued the cause for appellant.

George Keahey argued the cause for respondent (Venema, Proko, Keahey & Dalvet, attorneys; George B. Keahey, on the brief).

PER CURIAM

Plaintiff, Nydia Bonefont, appeals from the May 24, 2019 summary judgment dismissal of her complaint against defendant LAM Properties, LLC. We affirm.

The following facts are derived from the evidence presented in support of, in opposition to, and in reply to the motion for summary judgment, viewed in the light most favorable to plaintiff. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Plaintiff sustained injuries after tripping and falling on a raised section of a public cement sidewalk in front of 3020 North Congress Road in Camden, New Jersey (3020), a single-family residence commonly known as a row house. Plaintiff's destination was an adjacent row house, 3018 North Congress Road (3018), owned by defendant but leased to a tenant. Defendant, which owns approximately fifteen single and multi-family properties that it rents in various locations, does not own 3020 or any adjoining property other than 3018. Although 3018 has both front and back entrances, its main entry way is located in the front. Plaintiff, who was walking to the front entrance of 3018 when she tripped on the sidewalk in front of 3020, filed suit against

defendant alleging it maintained a dangerous and hazardous condition that caused her to fall and sustain injuries.

Plaintiff subsequently amended her complaint to add defendants Cydney Savage and Judy Barnett, the owners of 3020 who reside there. On April 12, 2019, the court granted a Rule 4:46-2 dismissal for Savage and Barnett. Plaintiff did not oppose the motion and is not appealing the dismissal of Savage and Barnett.

One week later, defendant moved for summary judgment asserting it had no liability because plaintiff did not injure herself on the sidewalk within the property line of 3018. After hearing the motion argument, the court granted summary judgment for defendant, rejecting plaintiff's argument that defendant's duty extended beyond its own property line. This appeal followed.

We review the trial court's granting of the motion de novo, applying the same legal standards that govern summary judgment motions. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 349-50 (2016). We consider the factual record and reasonable inferences that can be drawn from those facts, "in the light most favorable to the non-moving party" to decide whether the moving party was entitled to judgment as a matter of law. IE Test, LLC v. Carroll, 226 N.J. 166, 184 (2016) (citing Brill, 142 N.J. at 540; R. 4:46-2(c)). We accord no

special deference to a trial judge's assessment of the documentary record, as the decision to grant or withhold summary judgment does not hinge upon a judge's determinations of the credibility of testimony rendered in court but instead amounts to a ruling on a question of law. See Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

In order to prove a claim of negligence, a plaintiff must demonstrate: (1) a duty of care, (2) that the duty has been breached, (3) proximate causation, and (4) injury. Townsend v. Pierre, 221 N.J. 36, 51 (2015) (citations omitted). A plaintiff bears the burden of proving negligence, see Reichert v. Vegholm, 366 N.J. Super. 209, 214 (App. Div. 2004), and must prove that unreasonable acts or omissions by defendant proximately caused his or her injuries. See Camp v. Jiffy Lube No. 114, 309 N.J. Super. 305, 309-11 (App. Div. 1998). We review the presence or absence of an enforceable duty as a question of law. Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997) (citation omitted).

Plaintiff argues the court erred granting summary judgment, asserting defendant had a duty to maintain a public sidewalk in front of a neighboring property because it was the only means of ingress and egress to its rental property, 3018. We find plaintiff's arguments to be unpersuasive and agree with the motion judge that defendant's duty did not extend beyond its property line.

4

We treat residential and commercial landowners differently under certain circumstances. That is why, here, our analysis does not hinge upon defendant's status as a commercial landowner, but upon the overall circumstances. In Stewart v. 104 Wallace Street, Inc., 87 N.J. 146, 150 (1981), the Supreme Court carved out an exception to the long-held concept that a property owner was not subject to tort liability for the condition of a public sidewalk. The Stewart Court held "[c]ommercial property owners are henceforth liable for injuries on the sidewalks abutting their property that are caused by their negligent failure to maintain the sidewalks in reasonably good condition." Ibid. The plaintiff in Stewart walked out of a tavern, went a short distance and fell on the dilapidated sidewalk in front of a vacant lot. Id. at 149-50. Although the complaint against the owner of the vacant lot initially was dismissed, the Court reversed the dismissal, finding a duty by the commercial property owner to maintain the sidewalk. Id. at 150, 157. The Court limited the duty to maintain abutting sidewalks "to owners of commercial property." Id. at 159.

The Court favored imposing liability at common law because an owner of commercial property derives considerable benefits from the abutting sidewalks and noted that "public use of commercial establishments is facilitated by the existence of sidewalks." Id. at 152. Thus, the imposition of a duty of

5                                                                    A-4761-18T2

maintenance upon commercial property owners is "appropriate and not arbitrary." Id. at 158.

The liability which Stewart imposes upon "abutting" landowners is expressly tied to the use and benefit derived from the sidewalk by the owner of the abutting "premises." Ibid. The Stewart Court "rationalize[d] our law by enabling an injured person to recover damages for injuries sustained on the sidewalk in front of a store as well as those sustained in the store." Id. at 160; see also id. at 158. The Court also explained that as to "which properties will be covered by the rule we adopt today, commonly accepted definitions of 'commercial' and 'residential' property should apply." Id. at 160. The Court later clarified that the duty to the sidewalk user "flows from the economic benefit that a commercial landowner receives from the abutting sidewalk and from the landowner's ability to control the risk of injury." Kuzmicz v. Ivy Hill Park Apts., 147 N.J. 510, 518 (1997).

We subsequently held a commercial "landowner's liability may extend beyond the premises for activities that directly benefit the landowner," such as crossing a public street or public way. Id. at 518-19. In Warrington v. Bird, 204 N.J. Super. 611, 617 (App. Div. 1985), a restaurant that provided parking across the street had a duty to its patrons to provide safe passage. See also

6

Mulraney v. Auletto's Catering, 293 N.J. Super. 315, (App. Div. 1996) (holding caterer liable to a business invitee crossing the county highway). However, the applicability of those decisions to the question presented is not seamless as plaintiff suggests.

A commercial landowner has no liability for a tenant's injury that occurred on a pathway on an adjacent property if the business "provided its tenants with a safe exit to the public sidewalks." See Kuzmicz, 147 N.J. at 522-23 ("To impose a duty on a landlord for the safety of tenants while on property over which the landlord has no control and from which it derives no benefit would be unprecedented."). Similarly, a commercial property owner is not liable for an injury on a path through adjacent public property where a public sidewalk "provided 'easy access.'" Chimiente v. Adam Corp., 221 N.J. Super. 580, 583-84 (App. Div. 1987) ("Stewart . . . does not impose a duty upon commercial landowners to maintain contiguous lands owned by others simply because the public chooses to use the lands as a means of access to the commercial property.").

Our Supreme Court stated the standard for imposition of a duty on commercial landowners requires a flexible approach based in "an abiding sense of basic fairness under all of the circumstances in light of considerations of

public policy." Monaco v. Hartz Mountain Corp., 178 N.J. 401, 418 (2004) (quoting Hopkins v. Fox and Lazo Realtors, 132 N.J. 426, 439 (1993)). Thus, our inquiry involves "identifying, weighing and balancing several factors [including] the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution." Ibid. (alteration in original) (quoting Hopkins, 132 N.J. at 439).

Plaintiff fell on the public sidewalk in front of 3020 while walking to 3018. Plaintiff concedes the neighbor owning 3020 has no legal liability as a resident homeowner but presents no compelling argument as to why defendant should be treated differently, other than it leases residential property to tenants. While defendant is a commercial landowner that owns residences, it derived no economic benefit from the sidewalk that was different from or in excess of the benefits imparted to the other property owners whose residences abutted the sidewalk. Plaintiff conferred no potential economic benefit to defendant when she walked to 3018. Nor is there any suggestion in the record that defendant had the ability or even a legal right to exercise any control over the distant public sidewalk in front of its neighbor's property. We find no legal support for the notion that a commercial landlord bears a heavier burden for the condition of the public sidewalk in front of another neighbor's property, where it derived no

economic benefit from the use of the sidewalk in any manner different than that of any adjoining residential landowner.  See Abraham v. Gupta, 281 N.J. Super. 81, 85-86 (App. Div. 1995).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4761-18T2