**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0992-19

FRANCINE LATORRACA,

    Plaintiff-Appellant,

v.

ALADYN, INC.,

    Defendant-Respondent.

_____

Submitted May 10, 2021 – Decided May 25, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3049-18.

Richard A. Amdur, Jr., attorney for appellant.

Kiernan Trebach, LLP, attorneys for respondent (Lynda E. Liebhauser and Leslie A. Flora, on the brief).

PER CURIAM

    In this slip-and-fall personal injury case, plaintiff appeals the trial court's grant of summary judgment to defendant, the operator of a fast-food eatery. We

affirm, as there is no legal basis to impose liability even viewing the factual record in a light most favorable to plaintiff.

The record presented to the motion judge supplied the following facts. Plaintiff Francine Latorraca was a customer at a McDonald's restaurant operated by defendant Aladyn, Inc. Between 8:00 and 9:00 p.m. on April 11, 2018, plaintiff entered through the back entrance of the restaurant. She walked up to the front register to place her order.

After plaintiff had ordered her food, but before leaving the counter, a young female to her left dropped a plastic cup. The female was wearing a shirt with a McDonald's logo but was apparently off-duty.

As plaintiff bent down to pick up the cup, her right foot slipped and she fell to the floor. When plaintiff looked on the floor near where she fell, she saw a wrapper she described as "wrinkly" and "yellow with a brown . . . tint to it." She further stated the wrapper had what "felt like a light grease as opposed to if you have a sandwich two hours ago and it gets coagulated grease, it's a different feeling. This one felt like it was fresh, like."

Plaintiff stated there was nothing else on the floor where she fell but the wrapper. As she recounted, "There was no water there, there was no substance of any kind, no soda, you know. [The wrapper] was the only thing there."

2

Plaintiff did not "think [the wrapper] was on the ground for a long time." She further clarified, "I think the person before me or maybe [another] person before that dropped it."

Plaintiff was injured as a result of her fall. She consequently brought this present action against defendant in the Law Division.

During discovery, plaintiff and a manager of the McDonald's were both deposed. The manager testified that, although she was not an eyewitness to plaintiff's fall, the area in question was cleaned "all the time," noting there is an employee at the restaurant dedicated to cleaning the lobby.

Defendant moved for summary judgment, asserting that plaintiff failed to present triable issues of negligence or any other basis to impose liability for her fall. Plaintiff opposed the motion, stressing the dangerous and slippery condition of the floor where she fell.

After hearing oral argument, the trial court granted defendant's motion in an oral opinion issued on October 25, 2019. This appeal followed.

Plaintiff essentially argues on appeal two alternative theories of defendant's liability, both of which the trial court rejected. First, she contends defendant is responsible for the slippery condition of the floor by the store counter because of its "mode of operation." Although plaintiff had not

A-0992-19

articulated that theory initially below, it became a subject of discussion during the motion proceeding. Second, plaintiff argues that even if a mode-of-operation theory fails in this case, she is entitled to present her claims to the jury under ordinary principles of negligence.

In reviewing these arguments on appeal, we abide by fundamental principles applicable to summary judgment motions. The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c). If there are materially disputed facts that could support the legal requirements for liability, the motion for summary judgment should be denied. Parks v. Rogers, 176 N.J. 491, 502 (2003); Brill, 142 N.J. at 540. To grant the motion, the court must find that the evidence in the record "is so one-sided that one party must prevail as a matter of law." Brill, 142 N.J. at 540 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

Our review of an order granting summary judgment, such as the one here, must observe the same standards, including our obligation to view the record in a light most favorable to the non-moving parties. See IE Test, LLC v. Carroll,

4

226 N.J. 166, 184 (2016) (citing <u>Brill</u>, 142 N.J. at 540). We accord no special deference to a trial judge's assessment of the documentary record, as the decision to grant or withhold summary judgment does not hinge upon a judge's determinations of the credibility of testimony rendered in court, but instead amounts to a ruling on a question of law. <u>See</u> <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995) (noting that no "special deference" applies to a trial court's legal determinations).

With this in mind, we conclude the trial court correctly granted defendant summary judgment. Based on the facts adduced in the record, neither of plaintiff's legal theories is sustainable.

In order to prove a claim of negligence, a plaintiff must demonstrate: (1) a duty of care, (2) that the duty has been breached, (3) proximate causation, and (4) injury. <u>Townsend v. Pierre</u>, 221 N.J. 36, 51 (2015) (citing <u>Polzo v. Cnty. of Essex</u>, 196 N.J. 569, 584 (2008)); <u>see also</u> <u>Weinberg v. Dinger</u>, 106 N.J. 469, 484 (1987) (citing W. Keeton et al., <u>Prosser and Keeton on the Law of Torts</u> § 30 at 164-65 (5th ed. 1984)). A plaintiff bears the burden of proving negligence, <u>see</u> <u>Reichert v. Vegholm</u>, 366 N.J. Super. 209, 213 (App. Div. 2004), and must prove that unreasonable acts or omissions by the defendant proximately caused his or her injuries, <u>Underhill v. Borough of Caldwell</u>, 463 N.J. Super. 548, 554

A-0992-19

(App Div. 2020) (citing <u>Camp v. Jiffy Lube No. 114</u>, 309 N.J. Super. 305, 309-11 (App. Div. 1998)).

The required elements of a negligence claim in the context of a business invitee's slip and fall at a defendant's premises are well established. A plaintiff must prove by a preponderance of the evidence: (1) defendant's actual or constructive notice of a dangerous condition; (2) lack of reasonable care by defendant; (3) proximate causation of plaintiff's injury; and (4) damages. <u>Hopkins v. Fox & Lazo Realtors</u>, 132 N.J. 426, 434 (1993) (citing <u>Handleman v. Cox</u>, 39 N.J. 95, 111 (1963)).

When the mode-of-operation doctrine applies, a plaintiff is relieved of demonstrating defendant's actual or constructive notice of a dangerous condition on its premises. This doctrine, first promulgated in the 1950s, applies when a "dangerous condition is likely to occur as the result of the nature of the [defendant's] business, the property's condition, or a demonstrable pattern of conduct or incidents." <u>Nisivoccia v. Glass Gardens, Inc.</u>, 175 N.J. 559, 563-64 (2003). More particularly, when the defendant's business has a "self-service method of operation," the defendant is required to anticipate debris falling on the ground as a result of "the carelessness of either customers or employees." <u>Id.</u> at 564.

A-0992-19

The mode-of-operation doctrine was incorporated into the New Jersey Model Jury Charges (Civil), § 5.24B-11, "Duty Owed as to Condition of Premises" (1970). The Court in Nisivoccia summarized the doctrine as follows:

> [W]hen a substantial risk of injury is inherent in a business operator's method of doing business, the plaintiff is relieved of showing actual or constructive notice of the dangerous condition. The plaintiff is entitled to an inference of negligence, shifting the burden of production to the defendant, who may avoid liability if it shows that it did "all that a reasonably prudent man would do in the light of the risk of injury [the] operation entailed."
>
> [Nisivoccia, 175 N.J. at 564-65 (quoting Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 429 (1966) (alteration in original)).]

The Model Jury Charge defines a self-service setting as one in which customers are permitted "to handle products and equipment . . . unsupervised by employees." Model Jury Charges (Civil), 5.20F-11, "Mode of Operation Rule" (approved Mar. 2000, modified Apr. 2016).[1] A plaintiff is relieved of proving

---

[1] The "Duty Owed – Condition of Premises" charge was "amended in accordance with the Supreme Court's decision in Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245 (2015) and the Appellate Division's decision in Walker v. Costco Wholesale Warehouse, 445 N.J. Super. 111 (App. Div. 2016). The redrafted charge adds a new section MCJC 5.20F(11) titled 'Mode of Operation Rule,' and renumbers the subsequent sections of the charge accordingly." Notice to the Bar, Model Civil Jury Charge Update (Mar. 24, 2017).

A-0992-19

that the defendant had actual or constructive knowledge of the dangerous condition only upon proving:

> (1) the defendant's business was being operated as a self-service operation; (2) that the <u>plaintiff's accident occurred in an area affected by the business's self-service operations</u>; and (3) that there is a reasonable factual nexus between the defendant's self-service activity and the dangerous condition allegedly producing the plaintiff's injury.
>
> [<u>Model Jury Charges (Civil)</u>, 5.20F-11 (emphasis added).]

If plaintiff successfully demonstrates that the mode-of-operation rule applies, then "an inference of negligence arises that shifts the burden to the defendant to produce evidence that it did all that a reasonably prudent business would do in the light of the risk of injury that the self-service operation presented." <u>Ibid.</u>

Here, the motion judge soundly ruled that the facts do not support a mode-of-operation basis for liability. Accepting as true plaintiff's description of the incident, there is no evidence that her fall was produced by any self-service feature of defendant's business. She does not attribute the slippery surface to a beverage that another customer might have obtained from a self-service dispenser and then spilled onto the floor. Indeed, she acknowledges the cup she saw on the floor did not appear to have spilled any liquid. Instead, plaintiff

attributes the condition to a greasy food wrapper that was on the floor near where she fell.

There is no evidence the wrapper was on the floor because of any self-service activities. The store personnel provide sandwiches in wrapped condition to customers at the counter as they make payment. There is no evidence customers are encouraged to unwrap their sandwiches and eat them while they are standing near the counter. As the motion judge rightly determined, this clear lack of a self-service component defeats a mode-of-operation claim. Prioleau, 223 N.J. at 251-52.

Turning to ordinary negligence principles, it is likewise obvious that plaintiff has no viable cause of action on this record. The critical element of actual or constructive notice of a dangerous condition is not suggested, let alone provable, from the evidence. By plaintiff's own account, the grease on the wrapper she spotted on the floor was "fresh." There is no evidence a store worker saw the discarded wrapper before plaintiff slipped. Nor is there evidence the "fresh" greasy item had been on the floor long enough to have reasonably placed defendant on constructive notice of a hazard. In addition, the testimony of the manager attesting to the store's regular maintenance practices in endeavoring to keep the floor clear of debris is uncontroverted.

9

In short, summary judgment was justifiably granted. Any further arguments plaintiff advances in her brief to set the court's ruling aside lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION